# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 23, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *
LINDA ANDRADE,                        *
                                      *
            Petitioner,               *          No. 24-169V
                                      *
v.                                    *          Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for petitioner.
*Naseem Kourosh*, U.S. Department of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On February 1, 2024, Linda Andrade ("petitioner") filed a claim in the National Vaccine Injury Compensation Program. Petitioner alleges that she suffered from Mixed Connective Tissue Disease ("MCTD") as a result of the TDaP vaccination she received on February 11, 2021. Petition at Preamble (ECF No. 1). For the reasons set forth below, I find that petitioner has failed to establish by preponderant evidence that she in entitled to compensation, and her petition is **DISMISSED.**

### I.     Procedural History

Petitioner filed her claim for compensation on February 1, 2024 along with medical records to accompany her claim. On December 30, 2024, petitioner filed a status report indicating that she was unable to find an expert to offer an opinion supporting vaccine causation. Status Rept., Dec. 30, 2024 (ECF No. 21). A telephonic status conference was held on May 30,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

2025 to discuss the viability of petitioner's claim given the lack of an expert witness. During the status conference, petitioner's counsel noted that two qualified experts, one of whom regularly testified in the program, declined to offer an opinion in support of petitioner's claim. The undersigned issued a Show Cause Order on June 12, 2025. Petitioner's counsel filed a status report the next day, indicating that he was still unable to reach petitioner or locate an expert witness to support petitioner's case. Status Rept., June 16, 2025 (ECF No. 24).

The matter is now ripe for adjudication.

## II.     Legal Standard and Analysis

To receive compensation through the Program, petitioner must prove either (1) that she suffered a "Table Injury"— i.e., an injury listed on the Vaccine Injury Table — corresponding to a vaccine that she received, or (2) that he suffered an injury that was actually caused by a vaccination. *See* §§ 11(c)(1), 13(a)(1)(A); *Capizzano v. Sec'y of Health & Hum. Servs.*, 440 F.3d 1317, 1319-20 (Fed. Cir. 2006). Because petitioner does not allege that she suffered a Table Injury, she must prove that a vaccine she received caused her injury. To do so, she must establish, by preponderant evidence: (1) a medical theory causally connecting the vaccine and her injury ("*Althen* Prong One"); (2) a logical sequence of cause and effect showing that the vaccine was the reason for her injury ("*Althen* Prong Two"); and (3) a showing of a proximate temporal relationship between the vaccine and her injury ("*Althen* Prong Three"). § 13(a)(1); *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Petitioner cannot establish entitlement to compensation based solely on his assertions; rather, a vaccine claim must be supported either by medical records or by the opinion of a medical doctor. § 13(a)(1). In determining whether petitioner is entitled to compensation, the special master shall consider all material in the record, including "any…conclusion, [or] medical judgment…which is contained in the record regarding…causation." § 13(b)(1)(A). In addition to petitioner's lack of a medical opinion to support her off-Table claim, petitioner's medical records also do not support vaccine causation. While the records support the fact that petitioner received the TDaP vaccine on February 11, 2021, and support a diagnosis of MCTD, none of petitioner's treating providers attributed her MCTD to the vaccine. Thus, petitioner's medical records, as they stand, fail to meet the *Althen* standard on their own, and she must have an expert to support vaccine causation.

## III.     Conclusion

Upon review of the record as a whole, petitioner has failed to provide sufficient evidence that TDaP vaccination she received caused her to suffer from mixed connective tissue disorder, as she is unable to find an expert to support her claim. Therefore, petitioner has failed to show cause why her claim should not be dismissed, and the petition therefore must be **DISMISSED.** The Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

**<u>s/ Thomas L. Gowen</u>**
Thomas L. Gowen
Special Master