<p style="text-align:center; color:red">CORRECTED</p>

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  March 2, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
LINDA ANDRADE,                          *
                                        *
              Petitioner,               *        No. 24-169V
                                        *
v.                                      *        Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.
*Naseem Kourosh*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 15, 2025, Linda Andrade ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 28). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$20,670.47.**

## I.        Procedural History

On February 1, 2024, Petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that she suffered from Mixed Connective Tissue Disease ("MCTD") as a result of the TDaP vaccination she received on February 11, 2021. *Id*. On June 23, 2025, following a status conference and an Order to Show Cause, I issued my decision denying entitlement and dismissing the petition.  (ECF No. 25).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 15, 2025, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $20,670.47, representing $14,694.20 in attorneys' fees and $5,976.27 in costs. Fees App. at 1. Petitioner did not indicate that she personally incurred costs in pursuit of her claim. *See id*. Respondent reacted to the fees motion on December 22, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 29). Petitioner did not file a reply.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, although the petition was eventually dismissed, I am satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioner requests the following hourly rates for the work of her counsel, Mr. Sean Greenwood: $545.00 per hour for work performed in 2024, and $584.00 per hour for work performed in 2025. Additionally, for paralegals, Petitioner requests between $161.00-$205.00 per hour for work performed from 2022-2025. These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $14,694.20.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total

2

attorneys' costs in the amount of $5,976.27. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and expert services provided by Merrill Eric Gershwin, MD. Fees App. Appendix C. Petitioner requests $5,000.00 for Dr. Gershwin's expert fees billed at $500.00 per hour. *Id*. at 1-2. This rate is consistent with what Dr. Gershwin has previously been awarded for his Vaccine Program work, and I find it to be reasonable herein. *See e.g., Bundonis v. Sec'y of Health & Human Servs.,* No. 18-995V, 2025 WL 1453660, at *5 (Fed. Cl. Spec. Mstr. Apr. 25, 2024); *Zambelli v. Sec'y of Health & Human Servs.,* No. 19-551V, 2024 WL 1406314, at *6 (Fed. Cl. Spec. Mstr. Mar. 6, 2024); *Gravens v. Sec'y of Health & Human Servs.,* No. 20-416V, 2023 WL 5666167, at *7 (Fed. Cl. Spec. Mstr. July 31, 2023). Petitioner has provided adequate documentation supporting all of her requested costs. Petitioner is therefore awarded the full amount of costs sought.

### III.    Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,694.20 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$14,694.20** |
| | |
| Attorneys' Costs Requested | $5,976.27 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$5,976.27** |
| | |
| **Total Attorneys' Fees and Costs** | **$20,670.47** |

**Accordingly, I award a lump sum in the amount of $20,670.47 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).